IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED BENEFIT SYSTEMS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | SA09CA0710 |
| vs. | § | CIVIL ACTION NO: _____ |
| | § | |
| ENROLLBEST, LTD., LINDA LINDUFF, | § | |
| and KENT LINDUFF, | § | |
| | § | |
| Defendants. | § | JURY TRIAL DEMANDED |



## PLAINTIFF'S ORIGINAL COMPLAINT

United Benefit Systems, LLC ("United Benefit Systems"), Plaintiff, files its Original Complaint against EnrollBest, Ltd. ("EnrollBest"), Linda Linduff, and Kent Linduff (collectively "Defendants").

### PARTIES

1. United Benefit Systems, LLC, is a limited liability company that is organized under the laws of the State of Kansas with its principal place of business at 21981 West 83rd Street, Shawnee, Kansas 66227.

2. EnrollBest is a Texas limited partnership with its principal place of business at 25331 West Interstate 10, Suite 203, San Antonio, Bexar County, Texas 78257. EnrollBest may be served with process by serving its registered agent, Kent Linduff, at 118 Park Ridge, Boerne, Bexar County, Texas 78006.

3. Linda Linduff is a citizen of the State of Texas and may be served with process at 118 Park Ridge, Boerne, Bexar County, Texas 78006.

4. Kent Linduff is a citizen of the State of Texas and may be served with process at 118 Park Ridge, Boerne, Bexar County, Texas 78006.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. § 1332(a)(1) because United Benefit Systems and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

6. Venue is proper in this district under 28 U.S.C. § 1391(a)(1) because Defendants reside in this district, and all Defendants reside in this state. Venue is also proper in this district under 28 U.S.C. § 1391(a)(2) because all or a substantial part of the acts and omissions forming the basis of the claims asserted herein occurred within this district.

## FACTUAL BACKGROUND

7. United Benefit Systems is engaged in the marketing of software systems to assist companies in selecting and managing employee benefit plans. United Benefit Systems markets its solutions to employer groups, employee benefit professionals, and insurance carriers.

8. EnrollBest owns and operates an online application that delivers employee benefit services to companies and industry professionals.

9. Linda Linduff and Kent Linduff are the sole owners of EnrollBest. Linda Linduff is EnrollBest's Executive Vice President, and Kent Linduff is the Chief Executive Officer.

10. In February 2008, United Benefit Systems engaged in contract negotiations with Defendants regarding the licensing and use of certain internet-based enrollment services and technologies. Specifically, the parties discussed United Benefit Systems acting as a marketing company for EnrollBest, which owned and operated an existing software system. The parties

wanted their relationship to be governed by a written contract that would define the parties' obligations.

11.     In a February 13, 2008 e-mail, United Benefit Systems, through its President, David Evans, asked Defendants if United Benefit Systems could "overnight a check for $100,000.00 with the understanding that if we cannot come to an agreement contractually we can be refunded the advance payment." Kent Linduff, individually and on behalf of EnrollBest,[1] agreed to these terms that same day, noting that "We can work with this. . . ." A few hours later, Linda Linduff, individually and on behalf of EnrollBest,[2] added:

> With regards to the advance payment, if you would forward it to the office address: EnrollBest, 25331 IH 10 West, Suite 203, San Antonio, TX 78257, 210-698-6911. I will hold the check in the safe or put into a hold account until we have a signed agreement completed and everyone is satisfied. I think that actually would speed the process in a positive way.

12.     Thereafter, based on the Defendants' agreement to hold the funds in trust, United Benefit Systems sent a check in the amount of $100,000.00 to Defendants. Throughout the next few months, the parties attempted to negotiate an acceptable contract, but negotiations ultimately broke down in June 2008. On June 13, 2008, United Benefit Systems informed Defendants that there would be no further contract negotiations and requested the return of the $100,000.00 deposit that was contingent upon the execution of a final written contract. Except for the agreement to hold United Benefit System's $100,000 payment in check, no oral or written contract was ever agreed to by the parties.

---

[1] Except where otherwise noted, all allegations relating to Kent Linduff include allegations that he acted in both his individual capacity and as an employee, agent, servant, principal, officer, director, and/or owner of EnrollBest.

[2] Except where otherwise noted, all allegations relating to Linda Linduff include allegations that she acted in both her individual capacity and as an employee, agent, servant, principal, officer, director, and/or owner of EnrollBest.

13. Defendants responded on June 16, 2008. In a profanity-laced voicemail, Kent Linduff stated, in relevant part, "I'm going to give you your money back." He said that it would take him "a week or so" to return the money because he had "a couple of things that we can move around" before returning the funds. On information and belief, Defendants did not put the money into a safe or "hold account" or otherwise hold the funds in trust, but, rather, intermingled the money with other funds, including personal accounts, and used them for their own purposes.

14. When Defendants did not return the funds as promised, United Benefit Systems again demanded return of the trust funds, including a formal written demand on November 4, 2008. To date, despite repeated demands, Defendants have refused to return the funds. On information and belief, Defendants never intended to keep United Benefit Systems' funds in trust, and instead intended to withhold United Benefit Systems' funds, appropriate and convert United Benefit Systems' funds for their own use, and gain additional and unwarranted benefits by withholding United Benefit Systems' funds.

## CAUSES OF ACTION

### COUNT ONE: BREACH OF CONTRACT

15. United Benefit Systems incorporates the allegations set forth in paragraphs 1-14, inclusive, as if restated here in full.

16. The e-mails dated February 13, 2008 formed a valid written contract between United Benefit Systems and Defendants. Defendants expressly accepted United Benefit Systems' offer to provide a $100,000.00 deposit that was to be held in trust and returned if no written contract was executed.

17. United Benefit Systems performed its obligation to provide the deposit. After good faith negotiations between the party failed, Defendants breached their obligation to return

the deposit. Additionally, by comingling the deposit funds with their personal assets, Defendants breached their obligation to hold the funds in trust during the period of negotiations.

18. As a direct and proximate result of Defendants' breach, United Benefit Systems suffered damages of at least $100,000.00, which remains due and owing to United Benefit Systems. United Benefit Systems' damages are the natural, probable, and foreseeable consequences of Defendants' breach.

19. United Benefit Systems seeks reimbursement for its reasonable attorney's fees and court costs as authorized by TEXAS CIVIL PRACTICE AND REMEDIES CODE § 38.001(8).

## COUNT TWO: BREACH OF FIDUCIARY DUTY

20. United Benefit Systems incorporates the allegations set forth in paragraphs 1-19, inclusive, as if restated here in full.

21. Defendants executed an agreement with United Benefit Systems to act as trustee of United Benefit Systems' assets. Pursuant to this agreement, Defendants were required to hold United Benefit Systems' $100,000.00 in trust unless and until a written contract was executed.

22. By refusing to return United Benefit Systems' assets and comingling United Benefit Systems' funds with their own assets, including but not limited to their personal assets, Defendants breached their fiduciary duty as trustees. Specifically, Defendants' wrongful conduct constitutes a breach of the duty of loyalty, the duty to safeguard trust funds, and the duty to refrain from self-dealing with trust assets, among others.

23. As a direct and proximate result of Defendants' breach, United Benefit Systems suffered damages of at least $100,000.00. United Benefit Systems is also entitled to damages in the amount of profits wrongfully gained by Defendants' abuse of the trust assets and/or profits lost as a result of United Benefit Systems' inability to access the trust assets.

24. Because Defendants' breached their fiduciary duty with the intent to gain additional, unwarranted benefit, United Benefit Systems is also entitled to exemplary damages.

### COUNT THREE: CONVERSION

25. United Benefit Systems incorporates the allegations set forth in paragraphs 1-24, inclusive, as if restated here in full.

26. Pursuant to the February 13, 2008 agreement between United Benefit Systems and Defendants, Defendants were required to return United Benefit Systems' $100,000.00 deposit in the event that the parties were unable to form a written contract.

27. The parties were unable to agree to the terms of a written contract, and, except for the previously-mentioned trust agreement, no oral or written contract was ever agreed to by the parties. However, despite United Benefit Systems' numerous requests, Defendants have improperly refused to return property to which United Benefit Systems is entitled. As such, Defendants' wrongful control of United Benefit Systems' property constitutes an unlawful conversion.

28. As a result of Defendants' unlawful conversion, United Benefit Systems has suffered damages of at least $100,000.00, which represents the value of the property wrongfully controlled by Defendants. United Benefit Systems is also entitled to damages in the amount of profits wrongfully gained by Defendants' abuse of the trust assets and/or profits lost as a result of United Benefit Systems' inability to access the trust assets.

29. Because Defendants acted with malice, TEXAS CIVIL PRACTICE AND REMEDIES CODE § 41.003(a)(2) provides that United Benefit Systems is entitled to exemplary damages.

### COUNT FOUR: VIOLATION OF THE TEXAS TRUST CODE

30. United Benefit Systems incorporates the allegations set forth in paragraphs 1-29, inclusive, as if restated here in full.

31. In his February 13, 2008 e-mail, David Evans clearly and unambiguously requested that Defendants hold $100,000.00 in trust for the benefit of United Benefit Systems in the event that United Benefit Systems did not execute a written contract with Defendants. In response, Defendants clearly and unambiguously agreed to the creation of the trust and to act as trustees.

32. Pursuant to TEXAS PROPERTY CODE § 113.051, a trustee is required to administer a trust in accordance with the terms set by the parties. Defendants' failures to properly manage the trust and to return the trust funds when contract negotiations failed, among others, constitute breaches of the trust terms and, therefore, a violation of § 113.051.

33. TEXAS PROPERTY CODE § 114.001(c) entitles United Benefit Systems to damages in the amount of (1) any loss in the value of the trust caused by Defendant's breach; (2) any profits made by the trustee as a result of the breach; and (3) any profit that would have accrued to the trust in the absence of the breach, in addition to United Benefit System's economic damages.

### COUNT FIVE: TEXAS THEFT LIABILITY ACT

34. United Benefit Systems incorporates the allegations set forth in paragraphs 1-33, inclusive, as if restated here in full.

35. Pursuant to TEXAS CIVIL PRACTICE AND REMEDIES CODE § 134.003(a), a party who commits theft is liable for the damages resulting therefrom. Defendants' wrongful refusal to return United Benefit Systems' deposit constitutes an unlawful theft for which Defendants are liable.

36. As a direct result of Defendants' theft, United Benefit Systems has suffered damages of at least $100,000.00. United Benefit Systems is also entitled to damages in the amount of profits wrongfully gained by Defendants' abuse of the trust assets and/or profits lost as a result of United Benefit Systems' inability to access the trust assets.

37. Pursuant to TEXAS CIVIL PRACTICE AND REMEDIES CODE § 134.005(b), United Benefit Systems is also entitled to recover reasonable attorney's fees and court costs.

## CONDITIONS PRECEDENT

38. All conditions precedent for the bringing of this lawsuit have been performed or have occurred.

## RESPONDEAT SUPERIOR

39. Kent Linduff and Linda Linduff were and are employees of EnrollBest.

40. Kent Linduff and Linda Linduff committed torts against United Benefit Systems while acting in their scope of employment with EnrollBest. Each of their acts were within their general authority, in furtherance of EnrollBest's business, and for the accomplishment of the object for which each employee was hired. Accordingly, EnrollBest is liable for Kent Linduff's and Linda Linduff's conduct.

41. United Benefit Systems suffered damages as a proximate result of these torts.

## PRINCIPAL-AGENT LIABILITY

42. EnrollBest intentionally conferred authority on Kent Linduff and Linda Linduff to act as its agents or otherwise intentionally allowed Kent Linduff and Linda Linduff to believe they had authority to act on EnrollBest's behalf.

43. These agents, while acting in the scope of their agency, committed torts against United Benefit Systems. Accordingly, EnrollBest is liable for Kent Linduff's and Linda Linduff's conduct.

44. United Benefit Systems suffered damages as a proximate result of these torts.

## DEMAND FOR JURY

45. United Benefit Systems hereby demands a trial by jury and tenders the appropriate fee to the Clerk of the Court.

## PRAYER

46. United Benefit Systems respectfully requests that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to, the following:

   a. damages resulting from Defendants' breach of contract, breach of fiduciary duty, conversion, violation of the Texas Trust code, and violation of the Texas Theft Liability Act;
   b. any profit made by the Defendant as a result of their breaches as well as any profit that would have accrued to the trust in the absence of the breach;
   c. exemplary damages for Defendants' intentional breach of fiduciary duty and malicious conversion;
   d. reasonable attorney's fees and court costs;
   e. prejudgment and postjudgment interest; and
   f. all other relief this Court deems appropriate.

Dated: August 31, 2009

Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD, LLP
300 Convent Street, Suite 1600
San Antonio, Texas   78205
Telephone: 210.281.7000
Facsimile: 210.224.2035

_____
BRIAN S. JONES
State Bar No. 24041207

**ATTORNEYS FOR PLAINTIFF**